945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Catherine M. CASTLE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 91-3120.
 United States Court of Appeals, Federal Circuit.
 Sept. 9, 1991.
 
 Before PAULINE NEWMAN, MICHEL and PLAGER, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Catherine M. Castle appeals the decision of the Merit Systems Protection Board ("Board") denying her petition for enforcement of her settlement agreement with the United States Postal Service ("agency") that terminated her employment, Castle v. United States Postal Serv., No. DE075289C0086 (MSPB Nov. 2, 1990), which became final on December 6, 1990 when petitioner failed to request full Board review. This settlement agreement also terminated her appeal of her removal by the agency and was made of record before the Board. Because the Board's finding that appellant failed to show that the agency violated any terms of the settlement agreement is supported by substantial evidence and is in accord with law, we affirm.
 
 DISCUSSION
 
 2
 Castle argues that the agency violated the written settlement agreement by disclosing to the Department of Labor's Office of Workers Compensation Programs (OWCP) information about her alleged falsification of a medical report. The agency does not dispute making the disclosure. However, the settlement agreement contains no provision explicitly prohibiting the agency from disclosing this information to OWCP. The agreement does require expungement from her personnel file of both the removal notice and the removal letter, both of which were based on the falsification incident. It says nothing, however, about disclosing this information to other federal agencies, and does authorize disclosing her personnel file itself to other federal agencies, should she apply to join their employ.
 
 
 3
 In effect, Castle contends that from settlement provisions limiting the contents of her personnel file, the Board should have inferred a prohibition on disclosing any adverse information about her that is known to the agency. Although the settlement agreement concerned only her "official personnel file," Castle implies it should be construed to cover all agency files. We conclude that the MSPB did not commit legal error in declining to construe the settlement agreement as Castle urges. Therefore, there is no basis for finding a violation of the settlement agreement because of the agency's disclosure to OWCP.
 
 
 4
 Moreover, even though the agency failed initially to inform OWCP that the falsification charges had been dropped in the settlement process, it later notified OWCP that the charge had been settled, thereby correcting any misunderstanding created by the earlier disclosure. Furthermore, because the OWCP decision to deny Castle's workers compensation benefits was not based on the alleged falsification incident, the earlier disclosure did not prejudice Castle before the OWCP. Therefore, even assuming, arguendo, that the Postal Service committed any error, it was harmless error.
 
 
 5
 Castle further claims that the Postal Service improperly informed unidentified prospective non-federal employers of the alleged falsification. However, as the Administrative Judge (AJ) found, petitioner failed to allege who made such disclosures and to whom they were made. She received clear, written notice from the AJ that to be granted a hearing, she had to make a nonfrivolous allegation of noncompliance, had to "state the factual disputes she contends need development at a hearing," and was given time in which to "file a written submission if she desires to expand her current compliance concerns to include an allegation that the agency improperly disclosed information to a prospective employer." (Order of August 20, 1990) She refused. Despite the invitation in the August 20, 1990 order, by the time of the AJ's November 2, 1990 decision, she had still made nothing more than a "bare allegation" that did not entitle her to a hearing. Castle, slip op. at 3. In fact, the AJ noted: "She states simply that if granted a hearing, she will disclose this information." Id. Her general, vague and unsubstantiated allegation does not raise a serious issue of agency noncompliance with the settlement agreement, and thus does not entitle her to a hearing. Therefore, we cannot say the AJ abused his discretion in declining to conduct a hearing.
 
 
 6
 Finally, the Board correctly determined that petitioner's other claims were outside the lawful scope of its review in a compliance proceeding.
 
 
 7
 Petitioner failed to show that the Board erred in finding she had failed to carry her burden to prove by a preponderance of the evidence that the agency was not in compliance with the terms of the settlement agreement. Accordingly, we affirm.
 
 
 8
 PAULINE NEWMAN, Circuit Judge, dissenting.
 
 
 9
 I respectfully dissent from this affirmance of the Board's decision. The agency contravened the settlement when it disclosed the falsification charge to OWCP, for the agency so advised OWCP, and essentially so conceded by its actions after the petitioner learned of this disclosure. However, the agency now asserts that it never undertook, by the settlement agreement, to withhold this prejudicial information. That appears to be contrary to the letter as well as the spirit of the settlement, as manifested in the agency's agreement to remove certain documents from the personnel file. In fact, the charge had been withdrawn without decision on its merits.
 
 
 10
 In this light, petitioner's complaint that others have also been improperly told of this charge has a ring of sufficient substance that inquiry is required. It is the Board's obligation to require full compliance with settlements, by not only the employee but the agency. Denying the petitioner access to the Board's procedures (by requiring that she prove her case, before the Board will hear her case, while depriving her of the opportunity to develop the facts through the hearing process) simply acquiesces in agency carelessness or wrongdoing. It does not contribute to employee confidence in fair administration of the laws of federal employment, and thus disserves the nation.